# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NICOLE YOUNT individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET PACIFIC NORTHWEST, INC., a foreign profit corporation doing business as WHOLE FOODS MARKET; WFM-WO, INC., a foreign profit corporation doing business as WHOLE FOODS MARKET; WHOLE FOODS MARKET SERVICES, INC., a foreign profit corporation doing business as WHOLE FOODS MARKET; and DOES 1-20,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from King County Superior Court (Case No. 24-2-05738-2 SEA)<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO:** THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

**AND TO:** PLAINTIFF AND ALL ATTORNEYS OF RECORD

**NOTICE IS HEREBY GIVEN THAT:**

NOTICE OF REMOVAL - 1

Defendants Whole Foods Market Pacific Northwest, Inc.; WFM-WO, Inc.; and Whole Foods Market Services, Inc. (collectively "Whole Foods"), by and through counsel, hereby remove the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act, there are more than 100 members in the putative class, and the amount in controversy exceeds $5 million. Whole Foods denies the allegations and relief sought, and files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Whole Foods will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On March 15, 2024, Plaintiff Nicole Yount filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a Class.

2. On March 19, 2024, Plaintiff served copies of the Summons and Complaint on the registered agent for Whole Foods. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

3. In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendants, where the job posting did not disclose the wage scale or salary range for the position.

Compl. ¶ 22.

4. On behalf of herself and the putative Class, Plaintiff seeks $5,000 in statutory damages based on the alleged failure to disclose wage or salary ranges on job postings for positions in Washington State, purportedly in violation of RCW 49.58.110. *Id.* ¶¶ 16–21, 31–34, 36.

Additionally, the Complaint seeks a statutory award of attorneys' fees under RCW 49.58.070(1), preliminary and permanent injunctive relief, and declaratory relief. *Id.* ¶ 36–39.

## II. REMOVAL IS TIMELY

5.     Plaintiff served the registered agent for Whole Foods on March 19, 2024. Thirty days from the date of service of the Summons and Complaint is on April 18, 2024. Because this Notice is filed within thirty days from service, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. VENUE

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

## IV. ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.     This lawsuit is a putative class action.[1] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between at least one putative Class member and at least one Defendant; (2) there are more than 100 members in the putative Class; and (3) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Whole Foods denies Plaintiff's factual allegations and denies that Plaintiff—and the class she purports to represent—is entitled to the relief requested in the Complaint, based on Plaintiff's allegations in the Complaint, all requirements for jurisdiction under CAFA have been met in this case.

---

[1] Whole Foods denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.

### A. Minimal Diversity of Citizenship Exists.

8. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). "A party's allegation of minimal diversity may be based on information and belief," and the pleading need not contain evidentiary submissions. *Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

9. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of a state different from at least one defendant.

#### 1. Plaintiff Is a Citizen of Washington.

10. "An individual is a citizen of the state in which [she] is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by "an individual's 1) residence in a state, and 2) [her] intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

11. In the Complaint, Plaintiff alleges she "resides in King County, Washington and applied to work for Defendants at their store located in Washington." Compl. ¶ 8. Plaintiff's continued residence in Washington creates the presumption that she is domiciled in Washington and is a citizen of the State of Washington for purposes of removal. *See Hovensa LLC*, 652 F. 3d at 395; *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519.

## 2. At Least One Defendant Is Not a Citizen of Washington.

12. A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

13. Defendant Whole Foods Market Pacific Northwest, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Washington, where its officers direct, control, and coordinate corporate activities. It is therefore a citizen of Delaware and Washington for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

14. Defendant WFM-WO, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Texas, where its officers direct, control, and coordinate corporate activities. It is therefore a citizen of Delaware and Texas for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

15. Defendant Whole Foods Services, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Texas, where its officers direct, control, and coordinate corporate activities. It is therefore a citizen of Delaware and Texas for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

16. Accordingly, minimal diversity is satisfied. Plaintiff is diverse from at least one defendant, as both WFM-WO, Inc. and Whole Foods Services, Inc. are citizens of Delaware and Texas, while Plaintiff is a citizen of Washington.

**B.   The Putative Class Has More than 100 Members.**

17.   CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

18.   Plaintiff asserts claims on behalf of a putative Class comprised of all individuals who applied for a job opening in Washington from January 1, 2023, through the date notice to the Class is provided, where the job posting did not contain wage scale or salary range information. Compl. ¶ 22. Plaintiff asserts that she "and more than 40 Class members" applied to such job postings. *Id.* ¶ 16. Whole Foods reserves the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the terms "applicant" and "posting" as used in RCW 49.58.110 and in the class definition. Based on Plaintiff's definition, and assuming the most expansive possible definition of the foregoing terms, the putative Class contains an estimated 967 individuals who may be job applicants to job postings that Plaintiff may contend did not disclose wage scale or salary range information, from January 1, 2023, through the present. Thus, the putative Class contains more than 100 members.

**C.   The $5,000,000 Amount in Controversy Requirement Is Satisfied.[2]**

19.   Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

20.   A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

---

[2] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Defendants refer to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

574 U.S. 81, 83 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)). There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 87.

21. Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages that she seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. *See id.* at 685. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

22. While Defendants deny Plaintiff's factual allegations and further deny that Plaintiff and the putative Class she seeks to represent are entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
+1.206.274.6400

1. **Plaintiff's Request for Statutory Damages on Behalf of Herself and Each Putative Class Member Places $4,835,000 in Controversy.**

23. Plaintiff has specifically requested statutory damages to herself and each putative Class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $4,835,000 (967 putative Class Members x $5,000) in statutory damages in controversy. Compl. ¶ 36.[3]

2. **Plaintiff's Claim for Attorneys' Fees Places At Least $362,500 in Controversy.**

24. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, should be considered for purposes of calculating the amount in controversy. *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

---

[3] Alternatively, Plaintiff and putative Class members seek damages for the "valuable time" spent applying to a job posting that did not include salary or wage information. *See* Compl. ¶ 19–21. The Complaint alleges that, because of Plaintiff's and putative Class members' "inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace," she and the putative Class members were "economically and non-economically damaged in amounts to be proven at trial." *Id.* ¶ 21. The Complaint therefore has not foreclosed seeking actual damages for an as-yet unidentified amount. *See id.* ¶ 34. If Plaintiff seeks actual damages exceeding $5,000, the amount-in-controversy would be even greater than pleaded here.

NOTICE OF REMOVAL - 8

25. When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

26. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiff's attorneys handling employment class action cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, *Ridgeway v. Wal-Mart Stores Inc.,* 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting a total of $15,200,002.90 in attorneys' fees based on a total of 10,595.8 hours at rates ranging from $300 to $900 per hours following a 16-day class action trial); *Ibarra v. Wells Fargo Bank, N.A.,* 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775); *In re Taco Bell Wage and Hour Actions,* 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

27. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's and the putative Class members' claims through trial, based on Plaintiff's allegations and a comparison of similar cases, is *at least* 500 hours. Defendants anticipate that they will move to dismiss. Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule 26(f) conference, prepare and file a joint status report, and issue initial disclosures. There will be proceedings related to Plaintiff's attempt to certify the

class. Further, Defendants anticipate deposing the Plaintiff. Defendants anticipate that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendants also anticipate filing a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Finally, upon judgment, there will be time required to seek approval of, implement, and oversee the claims administration process. Therefore, 500 hours of attorney time represents a conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

28. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.

29. In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners. Decl. of Timothy W. Emery in Supp. of Pl.'s Mot. for Attorneys' Fees, Costs, and Service Awards, *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA, at 5 (King Cnty. Super. Ct. Jul. 26, 2023). 500 hours of attorney time at a billing rate of $725 an hour equates with $362,500 in attorneys' fees. Plaintiff's claims therefore more likely than not place at least $5,000,000 in controversy.

| **Remedy Requested** | **Amount in Controversy** |
| --- | --- |
| Statutory damages | $4,835,000 |
| Plaintiff's attorneys' fees | $362,500 |
| Total | $5,197,500 |

30. Accordingly, although Defendants expressly and emphatically deny Plaintiff's factual allegations and prayer for relief and deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based solely on the allegations contained in the Complaint.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

31. As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendants.

32. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

33. Defendants have sought no similar relief.

34. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have been met.

35. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

## VI. CONCLUSION

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to conduct jurisdictional discovery and to present a brief and oral argument in support of their position that this case is subject to removal.

DATED this 18th day of April, 2024.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754

By: *s/ Claire M. Lesikar*
Claire M. Lesikar, WSBA No. 60406

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
claire.lesikar@morganlewis.com

*Attorneys for Defendants Whole Foods Market Pacific Northwest, Inc.; WFM-WO, Inc.; and Whole Foods Market Services, Inc.*

**CERTIFICATE OF SERVICE**

I, Lixi Aylin Stitt, declare that I am employed by the law firm of Morgan, Lewis & Bockius LLP, a resident of the state of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On April 18, 2024, I caused a true and correct copy of the foregoing document to be served on counsel listed below in the manner indicated:

1. Defendants' Notice of Removal to Federal Court
2. Defendants' Verification of State Court Records
3. Defendants' Corporate Disclosure Statement
4. Notice of Filing of Notice of Removal

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Emery \| Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Email: emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com | ☐ Via Legal Messengers<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☐ Via King County Clerk E-Service |

*Attorneys for Plaintiff*

DATED this 18th day of April, 2024.

*s/ Lixi Aylin Stitt*
Lixi Aylin Stitt

NOTICE OF REMOVAL - 12