The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE YOUNT,

    Plaintiff,

v.

WHOLE FOODS MARKET PACIFIC
NORTHWEST INC., *et al.*,

    Defendants.

NO. 24-cv-534-BJR

**ORDER DENYING MOTION FOR
RECONSIDERATION**

Pending before the Court is Defendants' Motion for Reconsideration, ECF No. 54, and related Motion to Stay Remand, ECF No. 53, which the Court temporarily granted pending the completion of briefing and resolution of the reconsideration motion, ECF No. 56. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will, in its discretion, deny both motions.

"Motions for Reconsideration are disfavored," Local Rules W.D. Wash. LCR 7(h)(1), and "discouraged," Standing Order for All Civil Cases, ECF No. 6 at II.H ("Standing Order"). Reconsideration is only appropriate where a movant can show (1) "manifest error" or (2) "new facts

---

[1] Including Plaintiff's response in opposition, ECF No. 57; and Defendants' reply, ECF No. 60. Plaintiff also filed a response in non-opposition to a stay of remand pending this Court's ruling on reconsideration, ECF No. 58; and Defendants' reply, ECF No. 61.

ORDER DENYING MOTION FOR RECONSIDERATION

- 1

or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1); *Doe v. Trump*, 284 F. Supp. 3d 1182, 1184 (W.D. Wash. 2018); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). The Court has discretion in determining whether to grant a motion for reconsideration. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Defendants contend that this Court made "two interconnected and manifest errors of law." Mot. Reconsider 1. Specifically, Defendants argue that the Court adopted an erroneous presumption against removal in a Class Action Fairness Act[2] ("CAFA") case, and second, the Court erroneously concluded that Plaintiff's allegations were insufficient to establish Article III standing. *Id.* The Court disagrees. The Court's analysis never reached CAFA jurisdiction. Rather, the Court found that Plaintiff lacked Article III standing. While the U.S Supreme Court ruled in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), that no anti-removal presumption attends cases invoking CAFA, that holding applies to CAFA's statutory elements, such as the amount in controversy, class size, and minimal diversity. It does not displace the foundational constitutional presumption that federal courts are courts of limited jurisdiction under Article III. CAFA does not alter or expand the boundaries of Article III of the Constitution, nor the deep-seated background presumption that a federal court lacks jurisdiction unless proven otherwise. *See Warth v. Seldin*,

---

[2] 28 U.S.C. § 1332(d).

ORDER DENYING MOTION FOR RECONSIDERATION

- 2

422 U.S. 490, 498 (1975) (stating that standing is jurisdictional); 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Second, as this Court held in this case, and has repeatedly held in similar cases, a plaintiff's allegations must show actual harm against which Washington's Equal Pay & Opportunities Act ("EPOA") intends to protect. *See* Order Granting Remand 8, ECF No. 52. Defendants present no new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence.

Defendants also request that remand be stayed while they pursue appellate review at the Ninth Circuit. Generally, an order remanding a case to state court is not appealable, 28 U.S.C. § 1447 (d), but under CAFA, the appellate court has discretion to accept an appeal, 28 U.S.C. § 1453 (c). The Ninth Circuit has not yet ruled on Defendants' petition for discretionary review.

The Ninth Circuit has made clear that "a stay is an exercise of judicial discretion, the propriety of which is dependent upon the circumstances of a particular case." *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). In deciding whether to grant a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . . ; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two stay factors are "the most critical." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

Under the circumstances of this case, the Court concludes that Defendants are unlikely to receive permission to appeal the remand order. This Court did not remand on CAFA grounds nor discuss any CAFA-related questions. *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096,

ORDER DENYING MOTION FOR RECONSIDERATION

- 3

1100 (9th Cir. 2010) (describing factors considered when analyzing a CAFA petition). The Court observes that a prior request for appeal in a similar case was met with a summary denial. *See Milito v. Hasbro, Inc. et al.*, 24-cv-1111-BJR Further, Defendants do not make a strong showing of irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Accordingly, for the foregoing reasons,

1. Defendants' Motion for Reconsideration, ECF No. 54, is DENIED;

2. Defendants' Motion to Stay Remand, ECF No. 53, is DENIED, the temporary stay is hereby lifted; and

3. This case is remanded to King County Superior Court.

DATED this 26th day of May 2026.

Barbara Jacobs Rothstein
United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION

- 4